

# NUMBER 13-12-00608-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **BILLY DEAN BUTLER,** | **Appellant,** |

**v.**

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 156th District Court
### of Bee County, Texas.

# DISSENTING MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Dissenting Memorandum Opinion by Justice Perkes

The majority incorrectly reverses Butler's conviction for a brutal aggravated kidnapping of a woman for which he was sentenced to fifty years in prison. Butler subjected his then-girlfriend to an evening of physical beating and emotional abuse, refused to let her leave his home, stripped her of her clothes, and threatened to kill her.

Butler has a prior felony conviction for aggravated assault with a deadly weapon. I respectfully dissent because, even assuming for the sake of argument only that Butler's complaint involving the admission of Exhibit 57 (text messages)[1] was preserved for appellate review, Butler is not entitled to relief on appeal.

On appeal, Butler claims Exhibit 57 was inadmissible because the text messages included therein were not properly authenticated. In my opinion, the State sufficiently authenticated—by voice identification and the sender's phone number—that Butler sent the text messages the trial court admitted into evidence as Exhibit 57. In short, there was sufficient evidence to allow a jury to reasonably believe that Butler sent the text messages. Thus, the trial court did not abuse its discretion in admitting Exhibit 57.

Under Texas Rule of Evidence 104(a), the question of whether to admit evidence at trial is a preliminary question to be decided by the court. *Tienda v. State*, 358 S.W.3d 633, 637–38 (Tex. Crim. App. 2012) (citing TEX. R. EVID. 104(a)). "A bedrock condition of admissibility of evidence in any legal contest is its relevance to an issue in the case— that is to say, its tendency to make a fact of consequence to determination of the action more or less probable. Evidence has no relevance if it is not authentically what its proponent claims it to be." *Id.* at 638 (citing TEX. R. EVID. 401, 402).

"The requirement of authentication . . . as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *See* TEX. R. EVID. 901(a). The threshold for authentication is not

---

[1] Prior to the trial of the present offense, Butler blatantly attempted to coerce the victim to not testify against him. Exhibit 57 includes text messages that tend to substantiate Butler's coercion attempt.

2

particularly high. *Manuel v. State*, 357 S.W.3d 66, 74 (Tex. App.—Tyler 2011, pet. ref'd). A proponent of evidence is not required to rule out all possibilities inconsistent with authenticity, or to prove beyond a reasonable doubt that the evidence is what it purports to be.[2] *Campbell v. State*, 382 S.W.3d 545, 549 (Tex. App.—Austin 2012, no pet.); *Manuel*, 357 S.W.3d at 74. The trial court need not be persuaded the proffered evidence is authentic as long as the proponent of the evidence has supplied sufficient facts to allow a reasonable jury to conclude the evidence is authentic. *Tienda*, 358 S.W.3d at 638; *Manuel*, 357 S.W.3d at 74. The trial court does not abuse its discretion in admitting evidence if a reasonable juror could find that the evidence has been authenticated. *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007).

Applying this standard, the complainant's testimony that the text messages bore Butler's phone number, that Butler called her from the phone number in between sending the text messages, and that appellant sent her a photo of himself from the phone number, was sufficient authentication that Butler sent the text messages. The complainant's testimony was as follows:

Q.              What is Mr. Butler's number?

A.              361—

[DEFENSE COUNSEL]:   Objection, he's attempting to inform the client what she should be authenticating.

THE COURT:      That she's what, Counsel?

[DEFENSE COUNSEL]:   The prosecutor is attempting to inform the witness on the matter which she is supposed to be there to

---

[2] For example, Texas Rule of Evidence 901 provides that a witness's testimony that a matter is what it is claimed to be is sufficient authentication. *See* TEX. R. EVID. 901 (b) (1).

authenticate for the Court. He's essentially leading her on the questions.

THE COURT: Overruled.

Q. What is Mr. Butler's phone number?

A. 361-215-3899.

Q. Does that number appear on all the pages of the exhibit?

A. Yes.

Q. How do you know that that is Mr. Butler's telephone number?

A. Because that's where he called me from and that's what's on the same exhibit in front of me.

Q. You've read the text messages in the exhibit?

A. Yes.

Q. Who sent you those text messages?

A. He did.

Q. How do you know that it was him?

A. Because he was the one texting me back and forth and he had even called in between the conversations talking mess.

. . . .

Q. Has Mr. Butler sent you a picture of him from this telephone number?

[DEFENSE COUNSEL]: Objection, relevance.

THE COURT: Overruled.

A. Yes.

4

[PROSECUTOR]:            Your Honor, we offer State Exhibit No. 57.

I would hold that the complainant's testimony was sufficient to allow the jury to reasonably conclude that appellant sent her the text messages, and that the trial court did not abuse its discretion in admitting Exhibit 57.    *See id.*; *see also Manuel*, 357 S.W.3d at 82–83 (holding complainant's identification of defendant's phone number and circumstantial identifying characteristics of text messages were sufficient to a allow a reasonable fact finder to conclude defendant authored the messages); *McGee v. State*, No. 05–12–01074–CR, 2014 WL 261060, at *6 (Tex. App.—Dallas Jan. 23, 2014, no pet. h.) (mem. op., not designated for publication) (holding complainant's testimony that text messages were sent from defendant's cellular phone number and contained his nickname "Anthony McGee" were sufficient authentication in a stalking case); *Aekins v. State*, 04–13–00064–CR, 2013 WL 5948188, at *6 (Tex. App.—San Antonio Nov. 6, 2013, no pet.) (mem. op., not designated for publication) (holding text message bearing defendant's nickname "Soul" was circumstantially authenticated, even without a phone number of origin, because the text message responded to prior verbal communications);    *Joseph v. State*, 14–11–00776–CR, 2013 WL 2149779, at **2–3 (Tex. App.—Houston [14th Dist.] May 16, 2013, pet. ref'd) petition for cert. filed, No. 13-8913 (U.S. Dec. 19, 2013) (mem. op., not designated for publication) (holding similarity between defendant's verbal statement to his accomplice and the text of a message sent to a third party, bearing defendant's nickname "Gunplay," was sufficient authentication for admission of the text message).    Therefore, the trial court's judgment should be affirmed.

Because the majority reverses the trial court's judgment, I respectfully dissent.

_____
GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of March, 2014.